

| ZACHARY W. CARTER<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET, Rm. 3-203b<br>NEW YORK, NY 10007 | MATTHEW STEIN<br>Senior Counsel<br>Phone: (212) 356-2105<br>Fax: (212) 356-3559<br>mstein@law.nyc.gov |
|---|---|---|

May 21, 2018

**BY ECF**

Hon. Paul A. Crotty
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:  *Johnny Hincapie v. The City of New York, et al.*, 18-CV-3432 (PAC)

Your Honor:

      I am Senior Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to the defense of the above-referenced matter. Defendant City of New York respectfully requests a 60-day extension of time, from May 23, 2018 to July 23, 2018 (the Monday after the 60th day), to answer, move or otherwise respond to the complaint. Plaintiff's counsel has kindly consented to this request. This is defendant City's first request for such an extension.

      By way of background, plaintiff alleges he was wrongfully convicted and as a result, was incarcerated for approximately 25 years until he was exonerated in 2015.

      The reason for the requested enlargement of time is to give this office the opportunity to investigate the allegations of the complaint in accordance with our obligations under Rule 11 of the Federal Rules of Civil Procedure.  Specifically, the enlargement will allow defendant City to request and obtain documents generated in connection with plaintiff's encounter with members of the NYPD, including any records that might be sealed pursuant to New York Civil Procedure Law § 160.50.  Without these documents, defendant City cannot assess the facts alleged and meaningfully respond to the complaint.  Accordingly, it is necessary for our office to acquire as much information as possible concerning this matter in order to properly assess the case and respond to the complaint.

Moreover, the extension should also allow time for this office to determine, pursuant to Section 50-k of the New York General Municipal Law and based on a review of the facts of the case, whether we may represent any officers who may have had any involvement in the alleged incident and may be named as defendants moving forward. See *Mercurio v. City of New York*, 758 F.2d 862, 854-65 (2d Cir. 1985) (quoting *Williams v. City of New York*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985)) (decision to represent individual defendants is made by the Corporation Counsel as set forth in state law).

In light of the above, defendant City respectfully requests that the Court grant defendant City a 60-day extension of time, from May 23, 2018 to July 23, 2018 (the Monday after the 60th day), to answer, move or otherwise respond to the complaint.

Defendant City thanks the Court for its time and consideration of the within request.

                                              Respectfully submitted,

                                              /s/

                                              Matthew E. Stein
                                              Senior Counsel

MES/m
cc:    Gabriel P. Harvis, Esq. (by ECF)