

| | | |
|---|---|---|
| **ZACHARY W. CARTER**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET, Rm. 3-203b<br>NEW YORK, NY 10007 | **MATTHEW STEIN**<br>Senior Counsel<br>Phone: (212) 356-2105<br>Fax: (212) 356-3559<br>mstein@law.nyc.gov |

March 6, 2019

**BY ECF**
Hon. Paul A. Crotty
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: *Johnny Hincapie v. City of New York, et al.*, 18-cv-03432 (PAC)

Your Honor:

I am Senior Counsel in the Special Federal Litigation Division of the New York City Law Department, and one of the attorneys assigned to the defense of the above-referenced matter. I write pursuant to Your Honor's Individual Practices to respectfully request that a pre-motion conference be scheduled in advance of defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

**Facts:** Plaintiff commenced this lawsuit on April 19, 2018, (*see* Dkt. 1, Complaint). This case stems from a robbery/murder that occurred on September 2, 1990 on the platform of the 7th Avenue and 53rd Street subway station in Manhattan. Plaintiff was arrested after confessing to his role in the crime, and was convicted along with six others for murdering 22 year old Brian Watkins. Plaintiff's conviction was vacated in 2015, and he now brings this lawsuit alleging that his confession was coerced. Defendants deny plaintiff's allegations, and maintain that his statement was given voluntarily and freely.

On September 2, 1990, a group of approximately 30 young men took a train to Manhattan to go to a concert at Roseland (a former concert venue), and a smaller group split off upon arrival and agreed to commit a robbery to get money for concert tickets. The smaller group descended back

into the subway station and targeted the Watkins family, a family visiting from Utah. During the mugging, Brian Watkins was stabbed and killed by Gary Morales (a/k/a Rockstar).[1]

The following day, plaintiff gave a written statement to Detective Christie, confessing to having a role in the robbery and admitting that his motive for committing the crime was the need for money to buy a concert ticket. Plaintiff also gave a videotaped statement that same night (approximately one hour after he provided his written statement) to the Manhattan District Attorney's Office ("DANY").  Plaintiff was convicted of murder in 1991.

Following the criminal court's 2015 decision to vacate plaintiff's conviction, DANY decided not to re-prosecute plaintiff in 2017.  However, DANY's dismissal memorandum of law submitted to the criminal court makes it clear that the decision to dismiss plaintiff's indictment was significantly due to the passage of time, and that it still believed plaintiff to be guilty of the murder of Brian Watkins.

**Argument**: As outlined below, plaintiff's claims for malicious prosecution and denial of a right to a fair trial both fail as a matter of law.[2] Specifically, plaintiff's claim for denial of the right to a fair trial is time-barred, and his malicious prosecution claim fails because he cannot prove that his criminal case terminated in a manner that is favorable.  Therefore, plaintiff's case cannot survive a motion to dismiss.

*Denial of the Right to Fair Trial:* In *McDonough v. Smith*, 898 F.3d 259 (2d Cir. 2018), the Second Circuit held that a 1983 action based on fabrication of evidence accrues when the plaintiff learns of the fabrication, and use of the fabricated evidence deprives the plaintiff of a liberty interest. The statute of limitations for such a claim is three years. *Id*. Here, plaintiff claims that his statement was coerced by Detective Casey on September 3, 1990.  Indeed, there is no question that by September 5, 1990, only two days later, plaintiff was aware of the (alleged) fabrication when he wrote a letter to his criminal defense attorney stating that he was physically and mentally forced to memorize the statement. Therefore, plaintiff's claim for denial of the right to a fair trial accrued, at the latest, on September 5, 1990.  *See McDonough*, 898 F.3d 259.  Since plaintiff did not file his complaint in this action until 2018, his fair trial claim is time barred.

Alternatively, and mindful of *Heck v. Humphrey*, 512 U.S. 477 (1994), because plaintiff was convicted on December 10, 1991, in order to timely bring his fair trial claim, plaintiff would have had to do so no more than 634 days from the vacateur of the conviction.[3]  Accordingly, the deadline by which plaintiff would have needed to file his claim for denial of the right to a fair trial was July 1, 2017. Therefore, plaintiff's claim is time-barred and must be dismissed.

---

[1] These facts are largely undisputed.

[2] Defendants intend to move to dismiss the entirety of plaintiff's complaint, including his Monell claim, which is not even close to being adequately pleaded and would be futile if re-pleaded.

[3] This calculation contemplates the 461 days from the 9/5/90 letter until plaintiff's 12/10/91 conviction, and the 634 days following the vacateur of the conviction, which adds up to three years (1095 days).

*Malicious Prosecution:* The Second Circuit's recent decision in *Lanning v. City of Glens Falls*, 2018 U.S. Ap. LEXIS 31489* (2d Cir. 2018) held that federal, not state, law defines the elements of a malicious prosecution claim brought pursuant to Section 1983, and that with respect to the element of favorable termination, a plaintiff must adequately plead and establish that termination of the prosecution against him ***affirmatively indicated his innocence***. (*emphasis added*).

Here, DANY moved to dismiss plaintiff's indictment in the interest of justice. In support of its decision to dismiss plaintiff's indictment, DANY filed a document with the criminal court, emphasizing its continued belief in ***plaintiff's guilt***. (*emphasis added).* In the memo, DANY was steadfast in its belief that plaintiff's oral, written, and videotaped confessions were voluntary and truthful. Because plaintiff cannot demonstrate that he received a favorable termination, plaintiff's malicious prosecution claim fails as a matter of law.

**A Stay of Discovery is Warranted**: Due to the complexity of this case, including the significant amount of anticipated discovery, including, but not limited to, voluminous and burdensome Monell-related discovery, defendants request that all discovery be stayed pending the outcome of defendants' motion to dismiss. "Courts consider the following factors in determining whether a stay is appropriate: (1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Alford v. City of New York*, No. 11-cv-0622 (ERK) (MDG), 2012 U.S. Dist. LEXIS 37876, *2-3 (E.D.N.Y. Mar. 20, 2012) (citation omitted). "Discovery should be stayed […] only when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive." *Hachette Distribution, Inc. v. Hudson Cty. News Co*., 136 F.R.D. 356, 358 (E.D.N.Y. 1991).

Here, there are almost no factual issues in need of further immediate exploration, and the issues presently before the Court are questions of law that are dispositive. Plaintiff is also already in possession of the majority of documents that comprise the underlying record in this case, and therefore additional discovery at this stage would not advance any of his claims. Furthermore, given the weaknesses of plaintiff's claims and the unknown posture of the case following defendants' anticipated motion, a stay of discovery will serve to conserve the time, cost, and resources associated with conducting discovery. Finally, a stay of discovery poses no risk of unfair prejudice to plaintiff, as he already possess the key documents in this case, including the documents and testimony from plaintiff's underlying criminal trial and subsequent 440 hearing.

**Conclusion:** Accordingly, defendants respectfully request a pre-motion conference in advance of their motion to dismiss, and further request that discovery be stayed pending the outcome of their motion.

> Respectfully submitted,
> /s/
> Matthew E. Stein
> Senior Counsel

MES/m
cc:     All Counsel (by ECF)