UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------x

JOHNNY HINCAPIE,

                                                Plaintiff,

             - against -

CITY OF NEW YORK; Detective CARLOS GONZALEZ;
Detective DONALD CASEY; Detective JAMES CHRISTIE;
Detective ARTHUR SWENSON; Detective JOSE RAMON
ROSARIO; Detective DANIEL RIZZO; Detective MATTHEW
SANTORO; Sergeant SHARIF ALI; Sergeant JOHN HERBST;
Sergeant TIMOTHY CONNOLLY; Sergeant GARY BORMAN;
The Estate of Deputy Chief JOSEPH DEMARTINO; Lieutenant
VICTOR MOLE; Captain "JOHN" BAYSHIM; JOHN and JANE
DOE DETECTIVES 1 through 5; and JOHN and JANE DOE
SUPERVISORS 1-5,

                                                Defendants.

**DOCKET NO.:**

18 Civ. 3432 (PAC)

------------------------------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE FIRST AMENDED COMPLAINT PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

*Zachary W. Carter*
Corporation Counsel for the City of New York
*Attorney for Defendants City, Gonzalez,
Casey, Christie, Borman, Connolly,
Rosario, Rizzo, and Santoro
100 Church Street
New York, N.Y.  10007*

*Of Counsel:
Raju Sundaran
W. KeAupuni Akina
Tel:  (212) 356-2327/2377*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ................................................................................................................................ 1

    POINT I ............................................................................................................................ 1

        **PLAINTIFF'S MALICIOUS PROSECUTION AND FABRICATION OF EVIDENCE CLAIMS FAIL AS A MATTER OF LAW** ............................................................... 1

        A.   Plaintiff Cannot Demonstrate a Favorable Termination Under Federal Law........................................................................... 1

        B.   Plaintiff Cannot Establish Favorable Termination Under Federal or State Law Because His Dismissal was in the Interest of Justice................................. 3

        C.   For Malicious Prosecution, Plaintiff Cannot Rebut the Probable Cause Presumption....................................................... 5

    POINT II .......................................................................................................................... 6

        **PLAINTIFF'S *BRADY* CLAIM FAILS AS A MATTER OF LAW** ................................................................................. 6

        A.   Ricardo Lopez ..................................................................................... 6

        B.   Tannisha Vasquez................................................................................ 6

    POINT III ......................................................................................................................... 7

        **PLAINTIFF'S COERCION CLAIM FAILS AS A MATTER OF LAW** ............................................................................. 7

    POINT IV ........................................................................................................................ 7

        **PLAINTIFF'S CLAIMS FOR IIED AND NIED FAIL AS A MATTER OF LAW** ............................................................. 7

    POINT V .......................................................................................................................... 8

        **PLAINTIFF FAILS TO STATE A CLAIM FOR MUNICIPAL LIABILITY** ..................................................................... 8

-ii-

**Page**

POINT VI ........................................................................................................ 8

    **PLAINTIFF FAILS TO STATE A CLAIM FOR § 1983 SUPERVISORY LIABILTY** ....................................................... 8

POINT VII ..................................................................................................... 10

    **PLAINTIFF IS NOT ENTITLED TO EQUITABLE TOLLING ON HIS FALSE ARREST AND FALSE IMPRISONMENT CLAIMS FAIL** ..................................................................... 10

CONCLUSION ............................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Anderson v. City of New York,
    817 F. Supp. 2d 77 (E.D.N.Y. 2011) ....................................................................................3

Ashcroft v. Iqbal,
    556 U.S. 662 (2009).............................................................................................................9

Bellamy v. City of New York,
    No. 12-CV-1025 (AMD), 2017 U.S. Dist. LEXIS 75306 (E.D.N.Y. May 17,
    2017) ....................................................................................................................................3

Cantalino v. Danner,
    96 N.Y.2d 291 (2001) .....................................................................................................2, 4

Fate v. Charles,
    24 F.Supp. 3d 337 (S.D.N.Y. 2014)....................................................................................3

Frederick v. City of New York,
    No. 13-CV-897 (MKB), 2016 U.S. Dist. LEXIS 39828 (E.D.N.Y. Mar. 25,
    2016) ..................................................................................................................................10

Jenkins v. Greene,
    630 F.3d 298 (2d Cir. 2010)...............................................................................................10

Jovanovic v. City of New York,
    No. 04 Civ. 8437 (PAC), 2006 U.S. Dist. LEXIS 59165 (S.D.N.Y. Aug 17,
    2006) ....................................................................................................................................4

Lanning v. City of Glen Falls,
    908 F.3d 19 (2d Cir. 2018)..........................................................................................2, 3, 4

McDonough v. Smith,
    588 U.S. ____ (2019)...........................................................................................................1

Murphy v. Lynn,
    118 F.3d 938 (2d Cir. 1997).................................................................................................4

Nicaj v. City of New York,
    282 F. Supp 3d 708 (S.D.N.Y. 2017)...................................................................................3

| **Cases** | **Pages** |

Regeda v. City of New York,
  No. 09-CV-5427 (KAM), 2015 U.S. Dist. LEXIS 132785 (E.D.N.Y. Sept. 30,
  2015) ............................................................................................................................3

Singleton v. City of N.Y.,
  632 F.2d 185 (2d Cir. 1980)......................................................................................2

Smith-Hunter v Harvey,
  95 N.Y.2d 191 (2000) ...............................................................................................2

Tankleff v. Cty. Of Suffolk.
  No. 09-CV-1207 (JS), 2017 U.S. LEXIS 97472 (E.D.N.Y. Jun. 23, 2017) ..............5

Townes v. City of New York,
  176 F.3d 138 (2d Cir. 1999)......................................................................................9

United States v. Green,
  480 F.3d 627 (2d Cir. 2007)......................................................................................2

Walker v. Jastremski,
  430 F.3d 560 (2d Cir. 2005)....................................................................................10

Zahra v. Town of Southold,
  48 F.3d 674 (2d Cir. 1995)........................................................................................8

**Other Authorities**

U.S. Const. Amend. V ........................................................................................................6

U.S. Const. Amend VI .......................................................................................................7

CPL 160.60 .........................................................................................................................3

CPL 440.10 .........................................................................................................................9

Fed. R. Civ. P. 8 .................................................................................................................9

**PRELIMINARY STATEMENT**

Defendants submit this memorandum of law in further support of their motion to dismiss the First Amended Complaint ("FAC"). In addition to the reasons in defendants' moving brief, the Court should dismiss plaintiff's FAC in its entirety, with prejudice, for the foregoing reasons.

**ARGUMENT**

**POINT I**

**PLAINTIFF'S MALICIOUS PROSECUTION AND FABRICATION OF EVIDENCE CLAIMS FAIL AS A MATTER OF LAW**

On June 20, 2019,[1] the Supreme Court recently issued a decision, reversing the Second Circuit in McDonough, and held that "[t]he statute of limitations for a fabricated-evidence claim…does not begin to run until the criminal proceedings against the defendant (i.e. the § 1983 plaintiff) have terminated in his favor." McDonough v. Smith, 588 U.S. ____ (2019) (slip op., at 3-4). "Only once the criminal proceeding has ended in the defendant's favor, or a resulting conviction has been invalidated within the meaning of Heck…will the statute of limitations begin to run." Id. at 9. Therefore, the Court added favorable termination as an element of a claim for denial of the right to a fair trial.[2] The Supreme Court repeatedly analogized the fabrication of evidence claim to malicious prosecution, deferring to the Second Circuit as to all matters not specifically addressed in its decision. Id. at 5-6 n.2-3, 12 n.9 ("malicious prosecution is the most analogous common-law tort here"). Thus, plaintiff's fair trial and malicious prosecution claims turn on whether plaintiff's prosecution resulted in a favorable termination.

**A.     Plaintiff Cannot Demonstrate a Favorable Termination Under Federal Law**

---

[1] Consequently, defendants could not have raised this argument in their May 17, 2019 brief.

[2] In light of this recent decision, defendants concede that plaintiff's fair trial claim accrues upon favorable termination of the criminal proceeding and not the date of the alleged fabrication.

In the Second Circuit, "favorable termination" means "the underlying criminal proceeding ended in a manner that affirmatively indicated [plaintiff's] innocence. Lanning v. City of Glen Falls, 908 F.3d 19, 22 (2d Cir. 2018). As argued in defendants' moving papers, the Lanning court rejected the long standing New York law definition of favorable termination, formulated in Smith-Hunter v Harvey, 95 N.Y.2d 191, 199 (2000) and Cantalino v. Danner, 96 N.Y.2d 291 (2001). The state law standard held that "any termination of a criminal prosecution, such that the criminal charges may not be brought again, qualifies as favorable termination, so long as the circumstances surrounding the termination are not *inconsistent with the innocence of the accused*…" Cantalino, 96 N.Y.2d at 395 (emphasis added). The Lanning court instead held that favorable termination requires a plaintiff to "still" show that "the underlying criminal proceeding ended in a manner that *affirmatively indicates his innocence*." Lanning, 908 F.3d at 22 (emphasis added). The use of "still" demonstrates that the Second Circuit has never moved away from its "seminal decision on § 1983 malicious prosecution claims"—Singleton v. City of N.Y., 632 F.2d 185, 194-95 (2d Cir. 1980). Id. at 26. Under Singleton, "[p]roceedings are 'terminated in favor of the accused' only when their final disposition is such as to indicate the accused is not guilty." Singleton, 632 F.2d at 193.

Plaintiff argues that the Certificate of Disposition ("COD") alone is dispositive of favorable termination by misrepresenting United States v. Green, 480 F.3d 627, 634 (2d Cir. 2007). While Green does state that a COD "constitutes presumptive evidence of the facts stated in such certificate," the rest of that same sentence states "the presumption is rebuttable; *the certificate is not conclusive*." Id. (emphasis added). When the accuracy of the COD is questioned, the court "should consider easily produced court documents, such as a plea colloquy," or in this case, a transcript of dismissal proceedings. Id. at 633. In the remaining cases

plaintiff relies on, those courts also did not view the COD as the only determining factor. In Regeda v. City of New York, No. 09-CV-5427 (KAM), 2015 U.S. Dist. LEXIS 132785, at *7 (E.D.N.Y. Sept. 30, 2015), the court held that the COD merely "constitutes evidence that plaintiff's criminal charge was terminated in his favor." In Anderson v. City of New York, 817 F. Supp. 2d 77, 92 (E.D.N.Y. 2011), the court on summary judgment found that an issue of material fact remained as to whether plaintiff received an ACD where the criminal court record was illegible and the COD "on its face" suggested sealing pursuant to CPL 160.60. In Bellamy—directly contrary to plaintiff's assertion—the court did not hold as a matter of law that dismissal pursuant to CPL 160.60 constitutes a favorable termination. Bellamy v. City of New York, No. 12-CV-1025 (AMD), 2017 U.S. Dist. LEXIS 75306, at *84-86 (E.D.N.Y. May 17, 2017). Instead, the Bellamy court, granting defendants' motion for summary judgment in its entirety, did not reach favorable termination on the merits, and instead stated "for the purposes of this decision I assume that the plaintiff has established" favorable termination. Id., at *86. Other courts in this circuit have also considered CODs as only part of the favorable termination analysis. See Nicaj v. City of New York, 282 F. Supp 3d 708, 715 (S.D.N.Y. 2017); Fate v. Charles, 24 F.Supp. 3d 337, 342-42 (S.D.N.Y. 2014).

Here, as argued in defendants' moving brief, the Court has the benefit of the court transcript from the dismissal of charges, where the only reason for dismissal discussed are those in DANY's recommendation of dismissal ("ROD"), which clearly states DANY's continued belief in plaintiff's guilt. (ROD, Akina Decl., Ex. D; 1/25/17 Hearing Tr., Akina Decl., Ex. E). Such a record is not affirmatively indicative of plaintiff's innocence, as required by Lanning.

**B.      Plaintiff Cannot Establish Favorable Termination Under Federal or State Law Because His Dismissal was in the Interest of Justice**

Plaintiff also fails under the state law requirement of "not inconsistent with the innocence of the accused." Cantalino, 96 N.Y.2d at 395. It is unclear from plaintiff's opposition which arguments address the federal versus state law standards for favorable termination. It appears that he relies on Spak v. Phillips in stating "Under the common law…a termination of the existing prosecution is sufficient for a malicious prosecution claim to accrue." 857 F.3d 458, 464 (2d Cir. 2017). This is simply not the state of the law, and the Second Circuit in stating so was referencing the historical standard under common law tort law as opposed to the more developed standards under Lanning and Cantalino. The Court in Spak is also not useful here as it dealt with the effect of a *nolle prosequi* for malicious prosecution under Connecticut law, as opposed to New York state law. Id.[3]

Plaintiff also fails to demonstrate how his termination was not "in the interest of justice" which would defeat favorable termination under either federal or state law standard. Plaintiff's reliance on Jovanovic is misplaced. Plaintiff relies on Jovanovic's discussion of the state law standard under Cantalino, which specifically allows for a consideration of circumstances surrounding a final termination of charges: "any termination of a criminal prosecution, such that the criminal charges may not be brought again, qualifies as a favorable termination, *so long as the circumstances surrounding the termination* are not inconsistent with the innocence of the accused." Jovanovic v. City of New York, No. 04 Civ. 8437 (PAC), 2006 U.S. Dist. LEXIS 59165, at *27 (S.D.N.Y. Aug 17, 2006) (quoting Cantalino, 96 N.Y.2d at 395) (emphasis added).

---

[3] To the extent that plaintiff relies on Murphy v. Lynn, this case also dealt with New York state law malicious prosecution's favorable termination. Murphy v. Lynn, 118 F.3d 938, 947-49 (2d Cir. 1997). Even in Murphy, an "interest of justice" dismissal is not a favorable termination, and where there is an effective abandonment of a prosecution, the court must look to the "cause of the abandonment." Id. at 949. An act of mercy abandonment also is not a favorable termination. Id. Here, DANY's ROD constitutes both an interest of justice and mercy dismissal.

Here, the surrounding circumstances demonstrate an interest of justice termination. As explained in DANY's dismissal recommendation, the prosecution still possessed evidence to proceed to trial against plaintiff, yet, in light of a number of factors, recommended dismissal in the interest of justice. (ROD, Akina Decl., Ex. D). One of those factors included the fact that plaintiff had already served a nearly 25 year prison sentence in connection with this matter, which has nothing to do with a complete lack of evidence. (Id.). Even more telling is the § 440 court's denial of plaintiff's motion for exoneration based on actual innocence.[4] (440 Decision, Akina Decl., Ex. B at 33). Plaintiff cannot change the fact that his termination was in the interest of justice. Therefore, his malicious prosecution and fair trial claims must be dismissed.

**C.    For Malicious Prosecution, Plaintiff Cannot Rebut the Probable Cause Presumption**

As argued in defendants' moving brief, the mere allegation of a coerced confession is insufficient to rebut the presumption of probable cause flowing from a grand jury indictment.[5] While the presumption is rebuttable, plaintiff has failed to do so. He cites to a number of cases, the most analogous of which is Tankleff v. Cty. Of Suffolk. No. 09-CV-1207 (JS), 2017 U.S. LEXIS 97472 (E.D.N.Y. Jun. 23, 2017). However, even Tankleff is distinguishable. In Tankleff, dismissal was recommended in light of evidence of problematic conduct by an officer, changes in the law, and a lack of forensic evidence linking plaintiff to the crimes. Id. Here, none of those factors are relevant, and the DA's Office maintained that plaintiff's confession was voluntary, his recantation was false, and that plaintiff was guilty. (ROD, Akina Decl., Ex. D). Moreover, plaintiff's oral, written, and video-taped statements were also deemed voluntary and admissible

---

[4] In his opposition, plaintiff makes another misrepresentation in stating that "the [440.10] motion was granted" and suggesting that the hearing court "nearly found 'actual innocence.'" (Pl. Opp. at 1). These incongruous statements are unsupported by the actual § 440 court's decision.

[5] Plaintiff's written confession should not be considered by the Court on this motion to dismiss as it was not incorporated by reference into the FAC and is not a court record.

by a hearing court and could have been used again against plaintiff at a second trial.[6] Therefore, the actual circumstances of plaintiff's case do not rebut the presumption of probable cause.

## POINT II

### PLAINTIFF'S *BRADY* CLAIM FAILS AS A MATTER OF LAW

Defendants maintain that plaintiff's Brady claim is not a stand-alone claim, but is subsumed by his fabrication of evidence claim. Plaintiff also characterizes his claim as evidence fabrication. (Pl. Opp. at 18 citing FAC ¶ 151 ("constituted the fabrication of evidence")). Even assuming plaintiff's Brady claim is separate, he fails to sufficiently plead this claim.

**A.     Ricardo Lopez**

Plaintiff still fails to identify any exculpatory statements by Ricardo Lopez beyond "Johnny left." However, plaintiff fails to address how this video recorded statement, made in the course of questioning by the *DA's Office*—not the police, and which was later excluded by the criminal court in plaintiff's trial as hearsay, was somehow suppressed by defendants. The Second Circuit also agreed this was properly excluded hearsay. Hincapie v. Greiner, 56 Fed. Appx. 61, 62 (2d Cir. 2003), cert. denied Hincapie v. Fischer, 540 U.S. 905 (2003). Plaintiff also claims there are other exculpatory statements that were never recorded, but fails to identify the nature of those other statements. Such claims, unsupported by fact, are conclusory at best and make it impossible to evaluate whether they would be material for the purposes of Brady. Therefore, plaintiff's claim as to Ricardo Lopez must be dismissed as a matter of law.

**B.     Tannisha Vasquez**

As to Tannisha Vasquez's exculpatory account, her name is only mentioned once in the entire FAC when plaintiff states "Defendant failed to adequately disclose exculpatory witness

---

[6] A transcript of the suppression hearing can be provided to the Court upon request.

information… including regarding Tannisha Vasquez and Ricardo Lopez…" (FAC, Akina Decl., Ex. A ¶ 197). It is hard to imagine a vaguer allegation—it provides absolutely no information about the specific evidence, how it was exculpatory, or how it was suppressed.  Also, plaintiff references the Montero dismissal recommendation for the first time in his opposition brief despite prior opportunities to amend. He claims to have incorporated the dismissal recommendation by reference in ¶¶ 148-49 of the FAC. In reality, no such reference is ever made in the FAC to any dismissal recommendation, let alone one for Mr. Montero. Therefore, the Court should not consider this document. Even considering the document, it provides no credible indication that Tannisha Vasquez had any exculpatory evidence regarding plaintiff, and there is no indication that her identity was suppressed by defendants.

Therefore, to the extent it can be construed as a claim, plaintiff's Brady claim fails.

## POINT III

### PLAINTIFF'S COERCION CLAIM FAILS AS A MATTER OF LAW

As plaintiff himself admits in his FAC, the allegedly coercive acts by the defendants violated "his clearly established Fifth and Sixth Amendment right to be free from compelled self-incrimination and to be afforded access to counsel." (FAC, Akina Decl., Ex. A ¶ 203). This is the exact point that defendants argue in their moving papers—plaintiff's coercion claim is indistinguishable from plaintiff's claims for denial of a right to fair trial / fabrication of evidence since each claim is premised upon the exact same alleged conduct, i.e. the allegedly false confession and tactics used to allegedly fabricate and obtain it.

Therefore, plaintiff's coercion claim must be dismissed as duplicative.

## POINT IV

### PLAINTIFF'S CLAIMS FOR IIED AND NIED FAIL AS A MATTER OF LAW

As discussed in defendants' moving brief, plaintiff's IIED and NIED claims fail for failure to timely file a notice of claim, failure to timely file the complaint, and because they are subsumed by his other tort claims. Plaintiff fails to even oppose defendants' third ground—that the claims are subsumed—and for that reason alone, defendants' motion should be granted. As to the timeliness arguments, plaintiff claims that IIED and NIED claims accrued after his release from confinement or termination of his prosecution. However, he provides no supporting case law and fails to rebut any cases cited by defendants because no such legal precedent exists in plaintiff's favor. If such a theory were allowed, then plaintiff could easily extend accrual to the present day simply because he allegedly "fears police contact and his everyday activities are limited and disrupted by the traumas he has suffered." (FAC, Akina Decl., Ex. A ¶ 180).

Therefore, plaintiff's IIED and NIED claims should be dismissed as a matter of law.

## POINT V

### PLAINTIFF FAILS TO STATE A CLAIM FOR MUNICIPAL LIABILITY

Defendants proffered several arguments in its moving papers attacking plaintiff's Monell claim, yet plaintiff makes no responsive arguments in opposition. Instead, in the most conclusory terms, plaintiff claims that he plausibly pled the existence of a custom or policy. But "the mere assertion…that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995). Plaintiff makes no other allegations of fact. While plaintiff claims this custom or policy proximately caused his injuries, he offers no other support beyond that conclusory allegation. Therefore, the Monell claim must be dismissed.

## POINT VI

### PLAINTIFF FAILS TO STATE A CLAIM FOR § 1983 SUPERVISORY LIABILTY

Plaintiff argues dismissal is premature because he lacked an opportunity to identify those involved prior to filing the complaint. However, plaintiff has had over 25 years and the benefit of the discovery from his criminal matter, the criminal trial record, and several appellate records regarding this very case. Indeed, the CPL 440.10 hearing which plaintiff references involved many of the issues that plaintiff raises here. (See generally, 440 Decision, Akina Decl., Ex. B). This attempt to side-step pleading standards should be rejected.

Plaintiff distorts defendants' arguments by suggesting that defendants' conceded adequate pleading of the personal involvement of defendants Ali, Casey, Gonzalez, Christie, Swenson, Rosario, Rizzo, and Santoro as to some or all claims, including supervisory liability. However, defendants' made no such concessions.

Plaintiff's FAC also fails to tie the supervisors to his own injury. For example, the allegations against Borman and Rosario regarding criminal co-defendant Nova's un-Mirandized interrogation has nothing to do with plaintiff's own statement. Setting aside the fact that for a § 1983 action, the fruit of the poisonous tree doctrine does not apply, plaintiff still fails to allege materiality. See Townes v. City of New York, 176 F.3d 138, 145 (2d Cir. 1999). Plaintiff also lacks standing to challenge the alleged unconstitutional interrogations of other individuals.

Plaintiff fails to satisfy the Colon factors by claiming, with no factual basis, that the immediate supervisors were either present during the fabrication of evidence, ordered it, or failed to correct it. This "see what sticks" method still fails to meet basic pleading requirements. Plaintiff cannot proceed on mere conjecture and speculation about possibilities. In short, FRCP 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

Therefore, plaintiff's supervisory liability claim should be dismissed as a matter of law.

#### POINT VII

#### PLAINTIFF IS NOT ENTITLED TO EQUITABLE TOLLING ON HIS FALSE ARREST AND FALSE IMPRISONMENT CLAIMS FAIL

Plaintiff does not dispute that his claims for false arrest and false imprisonment are time barred by GML § 50 and the statute of limitations. Instead, he belatedly cross-moves for equitable tolling of the statute of limitations. Plaintiff fails to advise the Court that equitable tolling is only applied in "rare and exceptional circumstances . . . ." Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005). In a false arrest context, "a litigant seeking equitable tolling must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Frederick v. City of New York, No. 13-CV-897 (MKB), 2016 U.S. Dist. LEXIS 39828, *30-31 (E.D.N.Y. Mar. 25, 2016) (quoting Bolarinawa v. Williams, 593 F.3d 226, 231 (2d Cir. 2010)). A plaintiff must also show a "causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the [plaintiff], acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Jenkins v. Greene, 630 F.3d 298, 303 (2d Cir. 2010) (internal quotation marks and citation omitted).

Here, even assuming arguendo that the federal and state claims both accrued on October 6, 2015, the date of plaintiff's release from custody, he has failed to demonstrate diligence or identify any extraordinary circumstance that prevented him from timely filing a notice of claim or a complaint. Indeed, plaintiff points to *nothing* that prevented him from making earlier filings.

Therefore, the § 1983 false arrest and state false imprisonment claims must be dismissed.

#### CONCLUSION

For the foregoing reasons, defendants request that the Court dismiss the FAC in its entirety with prejudice, and for such other and further relief as the Court deems just and proper.

Dated: New York, New York
June 28, 2019

                              ZACHARY W. CARTER
                              Corporation Counsel of the City of New York
                              *Attorney for Defendants City, Gonzalez, Casey, Christie, Borman, Connolly, Rosario, Rizzo, and Santoro*
                              100 Church Street
                              New York, New York 10007
                              (212) 356-2377

By:     /s/
                              Raju Sundaran
                              W. KeAupuni Akina
                              *Senior Counsels*

To:     All counsel of record (via ECF)