## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHNNY HINCAPIE,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF NEW YORK; Detective CARLOS GONZALEZ; Detective DONALD CASEY; Detective JAMES CHRISTIE; Detective ARTHUR SWENSON; Detective JOSE RAMON ROSARIO; Detective DANIEL RIZZO; Detective MATTHEW SANTORO; Sergeant SHARIF ALI; Sergeant JOHN HERBST; Sergeant TIMOTHY CONNOLLY; Sergeant GARY BORMAN; The Estate of Deputy Chief JOSEPH DEMARTINO; Lieutenant VICTOR MOLE; Captain "JOHN" BAYSHIM; JOHN and JANE DOE DETECTIVES 1-5; and JOHN and JANE DOE SUPERVISORS 1-5,<br><br>Defendants. | **18 CV 3432 (PAC) (RWL)** |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT SWENSON'S MOTION TO DISMISS

ELEFTERAKIS, ELEFTERAKIS & PANEK
80 Pine Street, 38th Floor
New York, New York 10005
(212) 532-1116

December 23, 2019

<u>ARGUMENT</u>

Defendant Swenson's brief is nothing more than a *verbatim* copy of the memorandum Corporation Counsel submitted last month on behalf of defendant Ali. *Compare* DE #134 *with* DE #126. Plaintiff respectfully submits that such a lackadaisical effort is beneath the dignity of this Honorable Court and Mr. Hincapie.

As detailed in the First Amended Complaint ("FAC") at ¶¶ 67-73 and 79-85, defendant Swenson is alleged to have intentionally fabricated and suppressed evidence to secure Mr. Hincapie's conviction, which resulted in over twenty-five years of lost liberty. Defendants' cut-and-paste submission at DE #134 concedes the sufficiency of these allegations but purports to seek dismissal on dishonest and frivolous grounds.

As to malicious prosecution, defendants first contend that this case presents "precisely the scenario" of *Savino v. City of New York*, 331 F.3d 63 (2d Cir. 2003), in which the Second Circuit held that conjecture cannot overcome the probable cause presumption flowing from an indictment. DE #134, p. 7.

The facts of *Savino*, however, could not be further from the instant case. Joseph Savino, an investigator in the City medical examiner's office, was charged with theft after admittedly stealing a distinctive ring while working at a crime scene. *Savino v. City of New York*, 168 F. Supp. 2d 172, 176 (S.D.N.Y. 2001), *adhered to in part on reconsideration*, 97 CV 9029 (MGC), 2002 WL 24308 (S.D.N.Y. Jan. 9, 2002), *rev'd*, 331 F.3d 63 (2d Cir. 2003) ("Savino replied that he had a ring, which he

1

had found in one of the pill bottles he took from the scene."). The district court denied qualified immunity to the defendant officers on the § 1983 claims, finding that the "collective knowledge" doctrine served to imbue them with a generalized bad faith. The Second Circuit criticized that analysis and reversed. *Savino*, 331 F.3d at 74.

Here, to the contrary and as in *Tankleff*, Mr. Hincapie was indicted and convicted on the basis of a recanted confession he plausibly alleges was coercively extracted using physical violence; the bad faith of each individual defendant is particularized and grounded in his own direct involvement. FAC at ¶¶ 67-73, 79-85, 94-108; *see Tankleff v. Cty. of Suffolk*, 09 CV 1207 (JS) (AYS), 2017 WL 2729084, *21 (E.D.N.Y. June 23, 2017) ("If the confession was fabricated, that alone could be sufficient to rebut the presumption of probable cause.") (citing *Morel v. Reed*, 11 CV 1808, 12 CV 5145, 2015 WL 3755976, *4 (E.D.N.Y. June 16, 2015) for the proposition that "[w]hen law enforcement officers fabricate evidence...the presumption of probable cause created by the indictment [is] overcome...."); *Bellamy v. City of New York*, 914 F.3d 727, 746 (2d Cir. 2019) ("Contrary to the district court's analysis, a § 1983 plaintiff's testimony alone may be independently sufficient to raise a genuine issue of material fact [at summary judgment]....Bellamy's testimony was consistent and uncomplicated: he never made the statement.") (citations omitted); *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 275 (2d Cir. 2016) ("[A] reasonable jury could find, based on the evidence, that defendants violated the plaintiffs' clearly

established constitutional rights by conspiring to fabricate and forward to prosecutors a known false confession almost certain to influence a jury's verdict."); *Manganiello v. City of New York*, 612 F.3d 149, 163 (2d Cir. 2010) (presumption overcome where NYPD defendant-detective allegedly "included in some of [his] own reports supposedly factual statements adverse to [the plaintiff] that were contradicted by persons having first-hand knowledge of the facts"). Accordingly, plaintiff's detailed allegations are more than sufficient to rebut the presumption raised by the indictment and this argument should be rejected.

Defendants' second argument on malicious prosecution is even weaker. There, Swenson claims that plaintiff cannot plead favorable termination. DE #134, pp. 8-12. But, as this Honorable Court has previously held, the dismissal of the indictment against Mr. Hincapie (because prosecutors admitted they could not prove a case against him) cloaks him in the presumption of innocence as reflected on his certificate of disposition and is unquestionably favorable. *See Jovanovic v. City of New York*, 04 CV 8437 (PAC), 2006 WL 2411541 (S.D.N.Y. Aug. 17, 2006); *see also Thompson v. Clark*, 364 F. Supp. 3d 178, 197 (E.D.N.Y. 2019) ("Left open is the question of how much evidence must be supplied by a plaintiff to show that the dismissal was essentially for innocence. Courts addressing this question should not forget that, in our criminal justice system, the accused are deemed innocent until proven guilty beyond a reasonable doubt.") (citing *Coffin v. United States*, 156 U.S. 432, 453 (1895)); *Murphy v. Lynn*, 118 F.3d

938, 948-50 (2d Cir. 1997) (the prosecutor's decision to abandon a prosecution generally "compels an inference" that the criminal case terminated in favor of the accused) (internal quotation marks, citations and alteration omitted).

Where, as here, the conviction was judicially vacated after new evidence of innocence was presented at a 440 hearing, the prosecutor's appeal of that decision was unanimously denied and the indictment then dismissed with prejudice, the disposition is rightly deemed favorable. *See People v. Hincapie*, 142 A.D.3d 886, 886 (2d Dep't 2016) ("The court properly exercised its discretion in granting defendant's motion to vacate his conviction based on newly discovered evidence."); Certificate of Disposition, annexed to Declaration of Gabriel P. Harvis dated June 17, 2019 (DE #108) as Exhibit 1 ("The above[-]mentioned dismissal *is a termination of the criminal action in favor of the accused* pursuant to [N.Y.C.P.L.] Section 160.60.") (emphasis added); *United States v. Green*, 480 F.3d 627, 632 (2d Cir. 2007) (a certificate of disposition "constitutes presumptive evidence of the facts stated in such certificate") (citation and internal quotation marks omitted); *Regeda v. City of New York*, 09 CV 5427 (KAM), 2015 WL 5751117 *2 (E.D.N.Y. Sept. 30, 2015) ("This Certificate of Disposition…constitutes evidence that plaintiff's criminal charge was terminated in his favor in the context of a malicious prosecution claim."); *Bellamy v. City of New York*, 12 CV 1025 (AMD) (PK), 2017 WL 2189528, *31 (E.D.N.Y. May 17, 2017), *aff'd in part, vacated in part, remanded on other grounds,* 914 F.3d 727 (2d Cir. 2019) (holding, as a matter of law,

4

that "dismissal of the indictment pursuant to Criminal Procedure Law Section 160.60 constitutes a 'favorable termination' for purposes of [a] malicious prosecution claim").

At the recent oral argument before Your Honor, defense counsel disingenuously suggested, repeatedly, that a decision from the Hon. George B. Daniels in *Uleria v. City of New York* "rejected the very same [favorable termination] argument" advanced by plaintiff here and that Judge Daniels actually "says the complete opposite." Transcript of 12/5/2019 Oral Argument, annexed to the Declaration of Gabriel P. Harvis dated December 23, 2019 as Exhibit 5, p. 8, ln. 23-p. 9, ln. 6; p. 22, ln. 2-7. But this is false and Judge Daniels' opinion, if anything, further undermines defense counsel's representations and credibility. In *Uleria*, Judge Daniels based his conclusion that Mr. Uleria had not established a favorable termination on that plaintiff's admitted possession of "16 ounces of marijuana" and "a gun," which Judge Daniels reasonably concluded did not "indicate his innocence." *Ulerio v. City of New York*, 18 CV 2155 (GBD), 2018 WL 7082155, *7 n.11 (S.D.N.Y. Dec. 20, 2018).

The facts here are fundamentally different: setting aside the contested confession, only evidence of Mr. Hincapie's innocence remains. Plaintiff respectfully submits that this qualifies, beyond cavil, as a favorable termination and likewise reinforces that defense counsel's statements to the Court in this case have been deeply misleading.

Turning to defendants' dubious argument that Mr. Hincapie cannot establish a favorable termination with respect to his fair trial claim, defendants are wrong (and

again mislead the Court) in suggesting that favorable termination requirements for malicious prosecution claims apply to Mr. Hincapie's fair trial claims. DE #134, pp. 12-14 (citing *McDonough v. Smith*, 139 S. Ct. 2149 (2019)); *see Ross v. City of New York*, 17 CV 3505 (PKC) (SMG), 2019 WL 4805147, *8 n.15 (E.D.N.Y. Sept. 30, 2019) ("[T]he Court finds this citation [by Corporation Counsel] misleading to the extent that it does not acknowledge that [a prior district court] ruling [interpreting favorable termination requirements] was made in the context of a malicious prosecution claim [as opposed to a fair trial claim]").

First, in deciding *McDonough*, the Court did not impose favorable termination as a substantive element to all right to fair trial claims, but rather held that for a claim *like* McDonough's, the statute of limitations did not begin to run until a favorable termination occurred. *See McDonough*, 139 S. Ct. at 2154-55 (emphasis added). The Court's ruling was expressly limited to determining the accrual of the statute of limitations for a right to fair trial claim like McDonough's, and not a broader ruling on the substantive elements of all right to fair trial claims. *See Wellner v. City of New York*, 16 CV 7032 (JGK), 2019 WL 3729806, at *6 (S.D.N.Y. Aug. 8, 2019) (rejecting defendants' argument that *McDonough* added favorable termination as an element to a claim for the denial of the right to fair trial and holding that McDonough "offered no occasion to determine whether a plaintiff could pursue a fabricated evidence claim despite the existence of some conviction").

That the majority's opinion specifically did not speak to the substantive elements of the claim, and only to the statute of limitations for a claim like McDonough's is further underscored by the dissent's explicit acknowledgement that the majority had—in the dissent's opinion improperly—declined to take a position on the constitutional right at issue, or the elements that a § 1983 plaintiff would need to prove to prevail on a right to fair trial claim. *See McDonough*, 139 S. Ct. at 2161–62. Defendants' interpretation of *McDonough* improperly extends *McDonough*'s holding and should be rejected here, as it was in *Wellner* and *Ross*. See *Wellner*, 2019 WL 3729806, at \*6; *Ross*, 2019 WL 4805147 at \*8.

Second, even if, *arguendo*, a favorable termination were now to be considered a required element to a right to fair trial claim, neither the Supreme Court nor the Second Circuit has ruled on what a favorable termination means in the context of a due process right to fair trial claim.[1] To the contrary, the Supreme Court expressly recognized that the definition of a favorable termination in the context of a due process right to fair trial

---

[1] A right to fair trial claim arises under the Due Process Clause, not the Fourth Amendment. *See e.g.*, *McDonough*, 139 S. Ct. at 2155 n.2 (accepting the Second Circuit's "treatment of McDonough's claim as one sounding in denial of due process"); *Garnett*, 838 F.3d at 278 (recognizing that the Fifth, Eighth, Ninth, and Tenth Circuits have all found denials of due process when charges rest on fabricated evidence); *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997) (recognizing that "to hold that police officers, having lawfully arrested a suspect, are then free to fabricate false confessions at will, would make a mockery of the notion that Americans enjoy the protection of due process of the law and fundamental justice"); *Ying Li v. City of New York*, 246 F. Supp. 3d 578, 627–28 (E.D.N.Y. 2017) ("The claim of denial of the right to a fair trial due to fabricated evidence stems from the Sixth Amendment and the Due Process clauses of the Fifth, Sixth [and] Fourteenth Amendments of the U.S. Constitution.") (citations omitted).

claim may be different, and broader, than the definition in other contexts. On this point, the Court stated in relevant part:

> To the extent Smith argues that the law in this area should take account of prosecutors' broad discretion over such matters as the terms on which pleas will be offered or whether charges will be dropped, those arguments more properly bear on the question whether a given resolution should be understood as favorable or not. Such considerations might call for a context-specific and more capacious understanding of what constitutes "favorable" termination for purposes of a § 1983 false-evidence claim, but that is not the question before us.

*McDonough*, 139 S. Ct. at 2161 n.10.

Further, in deciding *McDonough*, the Court relied on *Heck*, which, with respect to favorable termination, only held that "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Under such circumstances, there is simply no basis for the wholesale importation of malicious prosecution termination requirements into the realm of due process as defendants suggest. *See Ross*, 2019 WL 4805147 at *8 ("[F]air trial jurisprudence, starting with *Heck* and continuing through *McDonough*, is primarily concerned with the potential for invalidating criminal convictions, the favorable termination requirement for fair trial claims (assuming there is one) is

necessarily different and more expansive than the one for malicious prosecution claims.") (citation omitted).

In any event, as demonstrated above, plaintiff's prosecution concluded in a manner that is favorable under even the most restrictive malicious prosecution analysis and thus plainly satisfies any such requirement as may be applied in the fair trial context. Indeed, to preclude Mr. Hincapie from levying this claim, based on defendants' misleading and unavailing arguments, would undermine the Second Circuit's recognition in *Ricciuti* that permitting police officers to fabricate false evidence at will "would make a mockery of the notion that Americans enjoy the protection of due process of the law and fundamental justice." *Ricciuti*, 124 F.3d at 130; *see also*, *e.g.*, *Walker v. City of New York*, 974 F.2d 293, 301 (2d Cir. 1992) (describing "the duty not to lie or persecute the innocent" as one of the "basic norms of human conduct"). Accordingly, defendant Swenson's motion with respect to plaintiff's fair trial claims should be rejected.

As to the remainder of defendants' arguments in the Swenson brief, plaintiff respectfully refers this Honorable Court to his prior opposition briefing. *See* DE #107, 117 and 131.

<u>CONCLUSION</u>

For the foregoing reasons, plaintiff respectfully requests that this Honorable Court deny defendants' motions to dismiss in their entirety and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
       December 23, 2019

                                        ELEFTERAKIS, ELEFTERAKIS & PANEK

                                        _____
                                        Gabriel P. Harvis
                                        Baree N. Fett
                                        80 Pine Street, 38th Floor
                                        New York, New York 10007
                                        (212) 532-1116

                                        *Attorneys for plaintiff*