

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**W. KEAUPUNI AKINA**
*Senior Counsel*
phone: (212) 356-2377
fax:(212) 356-3509
email: wakina@law.nyc.gov

April 16, 2020

**BY ECF**
Hon. Paul A. Crotty
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: *Johnny Hincapie v. The City of New York, et al.*, 18-CV-3432 (PAC)

Your Honor:

      We are Senior Counsels in the Office of James E. Johnson, Corporation Counsel of the City of New York, and the attorneys assigned to the defense of the above-referenced matter. Defendants write to respectfully request that the Court stay this matter for 60 days, pending the present public health crisis currently afflicting the City of New York. This includes an extension of time for defendants to respond to plaintiff's first discovery demands by June 14, 2020. Defendants previously requested a 30 day stay of all deadlines, which the Court granted. As explained below, plaintiff objects to the instant request. We certify that counsel for both sides conferred on this matter via telephone on April 15, 2020.

      At the outset, defendants apologize for the length of the instant letter, which exceeds the Court's 3-page requirement in part due to the inclusion of plaintiff's nearly page long position as quoted below. By way of background, on February 7, 2020, the parties previously agreed on and submitted to the Court a proposed discovery schedule. (Dkt. No. 144-1.) Per the original discovery schedule, initial disclosures were due March 5, 2020, and initial document demands were due March 20, 2020. (Id.) However, on February 14, 2020, plaintiff served defendants with plaintiff's first discovery demands, a month before the deadline to serve demands. On March 5, 2020, the parties exchanged initial disclosures. Plaintiff thereafter agreed to an extension of time for defendants to respond to plaintiff's demands. On March 18, 2020, defendants requested a 30 day stay of all deadlines in this matter in light of COVID-19's effect on New York City generally, and specifically on this Office. (Dkt. No. 145.) The Court subsequently granted this request. (ECF Order dated March 20, 2020 and Dkt. No. 148.) In pertinent part, defendants' responses to plaintiff's first discovery demands were due April 15, 2020[1]; a pretrial conference is scheduled for September 14, 2020; fact discovery will close

---

[1] During the April 15, 2020 telephonic conferral between counsel for both sides, the parties agreed to wait until April 16, 2020 for defendants to file the instant motion. Defendants respectfully contend that the instant motion,

November 4, 2020; and expert discovery will close January 6, 2021. (Dkt. No. 145 and 148.) Since the Court granted the first motion to stay deadlines, this Office's ability to obtain documents has become even more constrained than previously anticipated.

**Defendants' Position**

As the Court is aware, the country is currently grappling with the COVID-19, or coronavirus, pandemic. On March 7, 2020, Governor Andrew Cuomo declared that New York is in a state of emergency because of the rapidly developing pandemic situation. On March 13, 2020, Mayor Bill de Blasio followed suit, and declared New York City to be in a state of emergency as well.  That same day, the United States District Court for the Southern District of New York ("Southern District") issued Standing Order 20 MISC 138, which encouraged individual judges to conduct court proceedings by phone and video conferencing where practicable.  Also on March 13, 2020, the Southern District issued Standing Order 20 MISC 015, which suspended and tolled service of process requirements and deadlines.  On March 16, 2020, the Southern District issued a Revised Standing Order further limiting access to courthouses. Since then, the Southern District has issued several additional Standing Orders further limiting court activities, and has recently suspended jury trials through June 1, 2020.

On March 20, 2020, President Trump approved a Major Disaster Declaration for New York. On March 22, 2020, Gov. Cuomo issued further Orders mandating the closure of non-essential business, restricting the movement of persons and attempting to impose, to the greatest extent possible, work-from-home on all employers ("NY Pause"). Gov. Cuomo has extended NY Pause several times. As recently as today, April 16, 2020, NY Pause was further extended until May 15, 2020. Government leaders and public health officials around the country and world have warned of the dire and worsening public health crisis in which New York City is now embroiled, and have urged social-distancing as the only effective tool to address it. In light of pronouncements from government officials, public health experts, and judges, the New York City Law Department are requiring that the vast majority of its employees work from home to ensure compliance with public policy directives, and to protect individuals from further community spread of the virus.

Working from home creates a number of challenges that directly impact litigation. First, the agencies that defendants must regularly communicate and coordinate with, e.g., the NYPD and the district attorney's office, are also facing communication and access challenges as they pursue compliance with Governor Cuomo's executive order and seek to protect the health and safety of the individuals in their organizations and the public at large. These challenges have made the fulfillment of document and information requests practically impossible. Such delays and problems are expected to continue at least until individuals are allowed to return to their offices, if not longer.

Second, scheduling and conducting depositions will present its own set of challenges. The logistical challenges of arranging for remote depositions are always significant, and are further exacerbated by the added difficulty of having multiple parties join remotely from

---

filed in lieu of serving written responses to plaintiff's first discovery demands, satisfies their discovery obligations and reserves all objections and responses defendants may raise at a later point in their eventual written responses.

multiple locations, as well as the added difficulty of managing parties' different technological capabilities. Further, preparing witnesses for depositions remotely is also logistically challenging, particularly when it comes to the review of documents, many of which may not be saved in formats that are easily shared via electronic means, and conferring on matters of privilege. For example, conducting a deposition remotely simply fails to be an adequate substitute for an in-person deposition; courts in this Circuit have repeatedly recognized that "an in-person deposition is also preferable in terms of ensuring the accuracy of the depositions and interpretations" of testimony, *Memory Film Prods. v. Makara*, No. 05 Civ. 3735 (BMC) (KAM), 2007 U.S. Dist. LEXIS 34110, at *10 (E.D.N.Y. May 9, 2007), and is not a solution when "testimony is being preserved for trial," as "it is important to have counsel present so that the examination most closely approximates that which would occur in the courtroom." *In re Fosamax Prods. Liab. Litig.*, No. 06 MD 1789 (JFK) (JCF), 2009 U.S. Dist. LEXIS 27209, at *30 (S.D.N.Y. Mar. 4, 2009) (collecting cases); *see also Gagasoules v. MBF Leasing LLC*, No. 08 CV 2409 (ADS) (ARL), 2009 U.S. Dist. LEXIS 119001, at *8 (E.D.N.Y. Dec. 22, 2009) (finding remote deposition unfeasible given "legitimate concern about viewing the Plaintiffs' demeanor"); *see also Petaway v. Osden*, No. 17 Civ. 0004 (VAB), 2018 U.S. Dist. LEXIS 36484, at *8-9 (D. Conn. Mar. 5, 2018) (telephonic deposition insufficient where plaintiff's credibility played essential role in the case).

**Plaintiff's Position**

Plaintiff's counsel requested the following language be included:

If it should please the Court, plaintiff respectfully opposes any further stay of the matter and respectfully requests that defendants be compelled to serve their overdue responses to plaintiff's discovery demands by a date certain, with all objections waived, for the following reasons: (1) after spending over 25 years in prison before his exoneration, Mr. Hincapie filed his notice of claim in 2017 and commenced this litigation in April 2018, and it has been stayed for the last two years while defendants submitted a series of 12(b)(6) motions that purported to be dispositive; (2) when discovery ultimately commenced in February 2020, plaintiff promptly drafted and served targeted discovery demands to begin amassing the evidence necessary to bring this complex wrongful conviction action to trial on the surviving claims; (3) in light of the Covid-19 crisis, plaintiff offered his consent to an extension of defendants' response deadline, and then also consented to their subsequent request for a 30-day stay (*see* DE #145), allowing defense counsel over sixty days to prepare written responses to plaintiff's initial demands; (4) three attorneys from the Law Department are presently assigned to this matter, which would appear sufficient for defendants to comply with their discovery obligations in this important case; (5) the defendant NYPD officers are retired and thus presumably uninvolved in any NYPD Covid-19-related response and available to confer with defense counsel; (6) given that defendants have been on notice of this litigation for years, we expect that they have been investigating and accumulating information and documents that permit them to draft written responses, just as they used such material to support their motions to dismiss; (7) to the extent certain records are temporarily inaccessible due to the pandemic, plaintiff respectfully submits that defendants may indicate in their responses that they will be provided for inspection at a reasonable later date certain pursuant to Fed. R. Civ. P. 34(b)(2)(B); (8) defense counsel indicates that they have recommended a no-pay position to the City, making it essential that plaintiff expeditiously complete the complex discovery involved in this case so that he may bring his claims to trial in accordance with the revised discovery schedule adopted by this Honorable

Court;[2] (9) with each passing day, witnesses' memories of the disputed events thirty years ago fade and the witnesses themselves, and associated records, are less likely to be available,[3] all of which serves to prejudice plaintiff; and (10) plaintiff submits that, given the foregoing, it is prudent for paper discovery to proceed so that the large number of depositions and extensive expert discovery can commence in an orderly and timely fashion and in accordance with Rule 1. *See Berkley Custom Ins. Managers v. York Risk Servs. Grp., Inc.*, 18 CV 9297 (PAC), 2020 WL 359941, *1 (S.D.N.Y. Jan. 22, 2020) ("The decision whether to stay an action calls on a district court's studied judgment, requiring the court to examine the particular facts before it and determine the extent to which a stay would work a hardship, inequity, or injustice to a party, the public or the court.") (citations, internal quotation marks and ellipses omitted); *see also, e.g., Granados v. Traffic Bar & Rest., Inc.*, 13 CV 0500 (TPG) (JCF), 2015 WL 9582430, *4 (S.D.N.Y. Dec. 30, 2015) ("because the defendants' responses to the plaintiffs' discovery requests were untimely and because no justification was offered for the delay, any objections to the plaintiffs' requests are deemed waived") (collecting cases).

**Conclusion**

When defendants made their first stay application on March 18, 2020, they had hoped that the difficulties and challenges presented by COVID-19 would have resolved by now. Unfortunately, it has worsened. Plaintiff's position fails to realistically account for this unexpected change in circumstances beyond the parties' control. While the delay inherent in a stay may be inconvenient to plaintiff, "delay alone is not a sufficient basis for establishing prejudice." *See Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983). Moreover, plaintiff's desire to litigate this matter immediately cannot override the ongoing public health concern that continues to affect the City of New York and has taken a toll on defendant City's resources as it focuses on maintaining the immediate health and safety of its employees and the public at large. As a result of the foregoing, defendants respectfully request an additional 60 day stay of all deadlines in this matter, including an extension of time to respond to plaintiff's discovery demands by June 14, 2020, and propose that defendants submit a status letter to the Court within 60 days as an update on the unpredictable situation surrounding COVID-19. In the alternative, defendants have attached a proposed amended case management schedule for the Court's endorsement.

Defendants thank the Court for its consideration of this matter.

Respectfully Submitted,

/s/ *W. KeAupuni Akina*

W. KeAupuni Akina
Raju Sundaran
Frank Deluccia

cc:   All counsel of records (by ECF)

---

[2] Defendants note that notwithstanding the personal beliefs of defense counsel, the City extended an offer to plaintiff at the settlement conference before Judge Lehrburger, which plaintiff rejected.

[3] Defendants note that particularly in this case, based on plaintiff's arrest in 1990, the New York County District Attorney's Office ("DANY") will likely prove to be the best source for documents. DANY is represented by its own counsel for the purposes of this litigation, and upon information and belief, DANY has previously offered plaintiff's counsel the opportunity to review and directly request documents from the underlying criminal case file.