

**eeplaw.com**
**80 Pine Street, 38th Floor**
**New York, New York 10005**
**T. 212.532.1116 F. 212.532.1176**

New Jersey Office
576 Main Street, Suite C
Chatham, New Jersey 07928

Minnesota Office
50 South Sixth Street, Suite 1390
Minneapolis, Minnesota 55402

December 3, 2020

**BY ECF**
Honorable Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:   *Hincapie v. City of New York, et al.*, 18 CV 3432 (PAC) (RWL)

Your Honor:

    I represent plaintiff in the above-referenced action. I write to respectfully request an extension of the discovery schedule. Defendants consent to this request.

    This wrongful conviction action was commenced on April 19, 2018. DE #1. Following multiple motions to dismiss and the Court's decision on those motions, discovery began in February 2020. DE #144. Shortly thereafter, the ongoing Coronavirus pandemic led defendants to request a 30-day discovery stay, on consent, which was granted on March 20, 2020. *See* DE #145-146. Defendants then filed a further request for a 60-day stay, which was granted over plaintiff's opposition on April 21, 2020. *See* DE #149-150.

    Following expiration of the second stay, the parties began exchanging information. As of this writing, plaintiff has produced over 44,000 pages of records and defendants have produced approximately 828 pages.[1] The parties have also conducted four non-party depositions – in plaintiff's view each of the four deponents provided new information corroborating plaintiff's claims, including one early suspect in the Watkins case who testified to physical abuse by detectives similar to that described by plaintiff.

---

[1] It would appear that defendants have produced only a fraction of the relevant records they possess. Plaintiff is in the process of conferring with defendants regarding the sufficiency of their production and expects to file a Local Civil Rule 37.2 application once the meet-and-confer process is completed.

Hon. Paul A. Crotty
Dec. 3, 2020

    If it should please the Court, there is considerable work remaining before expert discovery can begin: the exchange of documents must be finalized, including digesting the material already produced and litigating any disputes and supplemental requests; party and remaining non-party witnesses must be deposed, a group which will likely number in the dozens; the Midtown North Precinct must be inspected; and testimony of the municipality must be taken pursuant to Fed. R. Civ. P. 30(b)(6).

    Under the operative schedule, fact discovery will close on January 4, 2021. DE #151. Plaintiff respectfully submits that, despite diligent efforts, the parties require additional time to complete the open tasks. Accordingly, plaintiff respectfully requests that the Court review and endorse the following revised schedule:

| | |
|---|---|
| Fact discovery, including depositions, to be completed by: | March 5, 2021 |
| Requests to admit to be served by: | March 5, 2021 |
| Parties to meet and confer on expert disclosures by: | February 2, 2021 |
| Expert discovery to be completed by: | May 7, 2021 |
| Face-to-face settlement discussion by: | March 19, 2021 |
| Date for alternate dispute resolution: | March 8, 2021 |

    Aside from the pandemic-related stay requests described above, this is the first request to extend the discovery schedule.

    In light of the foregoing, plaintiff respectfully requests, on consent, that the Court review and adopt the proposed revised discovery schedule set forth above.

    Thank you for your consideration of this request.

                                         Yours truly,

                                         Gabriel P. Harvis